IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

YOSBEL RODRIGUEZ,
    Plaintiff,

vs.                                          CASE NO. 6:17-cv-00483-GAP-TBS

ALVAREZ & DE LA CRUZ SERVICES, LLC
a Florida Corporation, MATTRESS FIRM, INC.,
a Foreign Corporation, JORGE SARDINAS,
an individual, and DIVERSE LOGISTICS AND
DISTRIBUTION, INC., a Florida Corporation,
    Defendants.
_____/

## MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AND MEMORANDUM OF LAW IN SUPPORT

The Defendants, **MATTRESS FIRM, INC., a Foreign Corporation,** (hereinafter "Mattress Firm") **and DIVERSE LOGISTICS AND DISTRIBUTION, INC., a Florida Corporation,** (hereinafter "DLD"), pursuant to Rules 8 and 12(b) of the Federal Rules of Civil Procedure, hereby move to dismiss the Plaintiff's First Amended Complaint ("Amended Complaint") in this action for failure to state of cause of action, or in the alternative for a more definite statement, and in support thereof states the following:

1. On or about March 6, 2017, the Plaintiff, **YOSBEL RODRIGUEZ** (hereinafter "Mr. Rodriguez"), filed a Complaint and Demand for Jury Trial against Defendant, **ALVAREZ & DE LA CRUZ SERVICES, LLC,** (hereinafter "Alvarez"), **JORGE SARDINAS,** and Defendant, Mattress Firm.

2. Several months later, on or about September 25, 2017, Mr. Rodriguez, filed an Amended Complaint and Demand for Jury Trial adding DLD as a Defendant.

3. The Plaintiff's Amended Complaint contains three counts alleging: Count I for Violation of the Overtime Provision of the Fair Labor Standards Act (Against all Defendants); and Count II – Violation of the Minimum Wage Provisions of the Fair Labor Standards Act (Against all Defendants); and Count III – Recovery of Unpaid Wages under Section 448, Florida Statutes (Against all Defendants).

4. The Amended Complaint is deficient in that the Plaintiff alleges bold legal conclusions that Mattress Firm and DLD were each an "employer" under the FLSA. However, the Plaintiff fails to allege any facts whatsoever to support such legal conclusions.

5. Instead, the Amended Complaint groups the four (4) defendants together without differentiating between them. For example, in paragraph 19 of the Amended Complaint, the Plaintiff alleges that, "[i]n addition, the Defendants have refused to issue payment to the Plaintiff for wages earned. Further, in paragraph 20 of the Amended Complaint, the Plaintiff alleges that, "[t]he Defendants have refused to issue the Defendant his last paycheck."

6. Further, Count III of the Plaintiff's Amended Complaint alleges a cause of action for unpaid wages under Section 448, Florida Statutes and includes an allegation at paragraph 63 that the "[d]efendants have not reimbursed the Plaintiff at a rate of equal pay to Florida's statutory minimum wage." However, the Plaintiff failed to adhere to the necessary pre-suit notice requirements for such a claim.

7. Accordingly, the Amended Complaint is deficient and fails to state a claim against Defendants, Mattress Firm and DLD, and therefore should be dismissed, or in the alternative, amended to include a more definite statement.

## MEMORANDUM OF LAW

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading stating a claim for relief must contain (a) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support, (b) a short and plain statement of the claim showing that the pleader is entitled to relief; and (c) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The law is well settled that a plaintiff to satisfy Rule 8 is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Moreover, "[a] complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal,

556 U.S. 662, 664 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft at 678. "A pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.'" Ashcroft at 678. Furthermore, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981)).

In addition, Rule 12(b)(6) provides that a court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in the Complaint as true and consider them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992). Dismissal under Rule 12(b)(6) is warranted if, assuming the truth of the factual allegations in the Complaint, there is a dispositive legal issue that precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989); *Brown v. Crawford Cnty.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

The Court should dismiss the Plaintiff's Amended Complaint because the Plaintiff fails to state a cognizable legal claim, improperly lumps all Defendants together, and fails to plead or otherwise demonstrate compliance with Florida's statutory pre-suit notice requirements under Chapter 448, Florida Statutes.

**A. Plaintiff fails to state a cause of action.**

"The FLSA defines an employer as 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" Layton v. DHL Express (USA), Inc. 686 F.3d 1172, 1175 (11th Cir., 2012) (quoting 29 U.S.C. §203(d)). A person is employed by an entity under the FLSA, if that entity "suffer[s] or permit[s]" the person to work. 29 U.S.C. §203(g). "In order to determine whether an alleged employer 'suffer[s] or permit[s]' an individual to work, we ask "if as a matter of economic reality, the individual is dependent on the entity." Layton 686 F.3d at 1175; Antenor v. D&S Farms, 88 F.3d 925, 929 (11th Cir. 1996).

In his Amended Complaint, the Plaintiff fails to allege any facts that would render that either Mattress Firm or DLD was an "employer" under the FLSA. The Plaintiff merely asserts in a conclusory fashion that "Defendant, MATTRESS FIRM, INC. is an 'employer' pursuant to 29 U.S.C. §203(d) of the Fair Labor Standards Act," and that "Defendant, DIVERSE LOGISTICS AND DISTRIBUTION, INC. is an 'employer' pursuant to 29 U.S.C. §203(d) of the Fair Labor Standards Act." The Plaintiff also alleges that the Defendants, Alvarez and Jorge Sardinas, are employers of the Plaintiff. Without any facts to support the Plaintiff's bold and conclusory legal assertion that the Defendants, Mattress Firm and DLD, is each an employer as defined by the FLSA, the Defendants, Mattress Firm and DLD, cannot adequately respond to the Amended Complaint. There are no other facts alleged by the Plaintiff that would allow an inference that Defendants, Mattress Firm and DLD, were each an employer of the Plaintiff during the purported relevant time period when Plaintiff was alleged to be employed by the other two (2) Defendants, Alvarez and Jorge Sardinas. In contrast, in paragraph 14 of the Amended Complaint, the Plaintiff alleges that, "[d]efendant JORGE SARDINAS is a manager and/or owner of Defendant, ALVAREZ & DE LA CRUZ, SERVICES, LLC., had operational control of the business, and was responsible for the Plaintiff's schedule and pay, and is an employer as defined by 29 U.S.C. Section 203(d)." Such allegation, which must be taken as true, establishes that Defendants, Alvarez and Jorge Sardinas, were employers of the Plaintiff and that they were "responsible for the Plaintiff's schedule and pay" and "had operational control of the business" for which the Plaintiff was employed. Thus, it was incumbent upon the Plaintiff to allege a specific factual basis for its conclusory assertion that Defendants, Mattress Firm and DLD, were also employers of the Plaintiff, when in fact, the Defendants, Alvarez and Jorge Sardinas, had operational control of the business and were responsible for the Plaintiff's schedule and pay. Instead, the Plaintiff did not allege any facts at all that would allow an inference that the Defendants, Mattress Firm and DLD were also employers of the Plaintiff. Accordingly, the Amended Complaint should be dismissed for failure to state a cause of action against Defendants, Mattress Firm and DLD.

### B. Plaintiff improperly lumps all Defendants together.

Instead of satisfying its burden of pleading a factual basis from which this court could infer that the Defendants, Mattress Firm and DLD, were also employers of the Plaintiff, the Plaintiff improperly lumps all four (4) Defendants together and fails to identify the claim at issue

as to each Defendant. Bentley v. Bank of Am., N.A., 773 F.Supp.2d 1367, 1373 – 1375 (S.D. Fla. 2011). It has been held that such a "conclusory and shotgun approach to pleading fails to provide each Defendant the factual basis for the claim(s) against him or it and therefore deprives them and the court of the opportunity of determining whether there are sufficient facts to make a claim against each Defendant plausible under the various bases of FLSA coverage." Luna-Reyes v. RFI CONST., LLC, 57 F. Supp. 3d 495, 504 (M.D.N.C. 2014). In addition, "[t]he failure to specify which Defendant allegedly took what action(s) renders these claims deficient." Snipes v. Alamance Cnty. Clerk of Courts, 1:11CV1137, 2013 WL 4833021 at 4 (M.D.N.C. Sept. 10, 2013). Further the court in Bryant v. Wells Fargo Bank, Nat'l Ass'n, held that a "complaint's general reference to 'Defendants' violated the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2)." Bryant v. Wells Fargo Bank, Nat'l Ass'n, 861 F.Supp.2d 646, 660 (E.D.N.C. 2012).

In his Amended Complaint, the Plaintiff improperly lumps all four (4) Defendants together. For example, in paragraph 30 of the Amended Complaint, the Plaintiff baldly asserts that "[t]he Defendants set the Plaintiff's rate of pay and Plaintiff was not able to negotiate his rate of pay." In addition, paragraph 31 of the Amended Complaint, the Plaintiff states that "[t]he Defendants determined the Plaintiff's work hours and penalized the Plaintiff if he did not comply." In contrast, in paragraph 14 of the Amended Complaint, the Plaintiff alleges that, "[d]efendant JORGE SARDINAS is a manager and/or owner of Defendant, ALVAREZ & DE LA CRUZ, SERVICES, LLC., had operational control of the business, and was responsible for the Plaintiff's schedule and pay . . ."

The law is well settled that "the test of employment under the FLSA is one of 'economic reality.'" Ash v. Anderson Merchandisers, LLC, 799 F.3d 957 (8th Cir. 2015); Tony and Susan Alamo Found v. Sec'y of Labor, 471 U.S. 290, 301 (1985) (quoting Goldberg v. Whitaker House Co-op., Inc., 366 U.S. 28, 33 (1961)). "In order to determine whether an alleged employer 'suffer[s] or permit[s]' an individual to work, we ask 'if, as a matter of economic reality, the individual is dependent on the entity.'" Layton v. DHL Express (USA), Inc. 686 F.3d 1172 (11th Cir., 2012); Antenor v. D & S Farms, 88 F.3d 925, 929 (11th Cir.1996) (quoting Goldberg v. Whitaker House Coop., Inc., 366 U.S. 28, 33, 81 S.Ct. 933, 936–37, 6 L.Ed.2d 100 (1961)). "The court must consider 'each employment relationship as it exists between the worker and the party asserted to be a joint employer'". Molina v. Hentech, LLC, Case No.: 6:13-cv-1111Orl-22KRS

(M.D. Fla. 2015)(quoting Layton at 1177). All of the facts of a particular case must be considered when determining whether a Plaintiff has joint employers or if the employment is to be considered separate and distinct for purposes of FLSA. Molina at 4.

In the instant action, the Plaintiff fails to include any factual allegations as to the economic reality of his purported employment. The Plaintiff does not allege any facts wherein the Defendants, Mattress Firm and DLD, could formulate a response as to whether the Plaintiff alleges that the Defendants, Mattress Firm and DLD, are joint employers, or if they are separate and distinct parties. Without any supporting factual allegations to the conclusory assertion that the Defendants, Mattress Firm and DLD, are employers of the Plaintiff, or the Plaintiff's economic reality of his purported employment, the Defendants, Mattress Firm and DLD, cannot ascertain the theory of liability that the Plaintiff is asserting and as a result cannot formulate a defense to such conclusory allegations.

### C. Plaintiff failed to Satisfy the Pre-Suit Notice Requirements under Chapter 448, Florida Statutes.

In addition to failing to satisfy applicable pleading standards in relation to Defendants, Mattress Firm and DLD, the Plaintiff has failed to satisfy pre-suit notice requirements under Chapter 448, Florida Statutes, in relation to Count III of the Complaint. The Florida Constitution provides that "[a]ll working Floridians are entitled to be paid a minimum wage." Section 24, Article X of the Florida Constitution. The Florida Minimum Wage Act ("FMWA") has been established by the legislature to "provide measures appropriate for the implementation of s. 24, Art. X of the State Constitution, in accordance with authority granted to the Legislature pursuant to s. 24(f), Art. X of the State Constitution." Fla. Stat. § 448.110(2). The FMWA requires that, before commencing a civil action, an employee claiming he or she was unlawfully denied minimum wages under Florida law must first notify the employer in writing of an intent to initiate such an action and permit the employer 15 days to pay the unpaid wages. Fla. Stat. § 448.110(6)(a)-(b). To satisfy the pre-suit notice requirement, "[t]he notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice." Id. §448.110(6)(a). "If the employer fails to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved, then

the person aggrieved may bring a claim for unpaid minimum wages, the terms of which must be consistent with the contents of the notice." Id. § 448.110(6)(b).

Here, the Plaintiff fails to allege that he provided the required written notice to any of the Defendants. Plaintiff also failed to attach any documentation to his Amended Complaint evidencing his compliance with Section 448.110, Florida Statutes. Moreover, the Plaintiff fails to plead that he complied with the pre-suit requirements of Section 448.110, Florida Statutes, or even mention the FMWA. Accordingly, the Plaintiff's Amended Complaint should be dismissed.

## CONCLUSION

Based on the foregoing, the Defendants, Mattress Firm and DLD, request that this Court enter an Order dismissing the Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted, or in the alternative, for a more definite statement, and granting such further relief as the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATE

The undersigned counsel hereby certifies that she attempted to confer with the Plaintiff's counsel, though under no obligation to do so, on whether the Plaintiff would consent to the requested relief herein. However, the Defendants counsel, at the time of filing this motion did not receive a return telephone call.

Respectfully Submitted,

/s/Allison M. Cuenca, Esquire
David J. Plante, Esquire
Florida Bar No. 990582
Allison M. Cuenca, Esquire
Florida Bar No.: 104966
806 North Armenia Avenue
Tampa, Florida 33609
Tel. (813) 875-5297
Fax (813) 879-5297
plg@theplantelawgroup.com
david@theplantelawgroup.com
Attorneys for Mattress Firm and
   Diverse Logistic & Distribution

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on this 30th day of October, 2017 the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Margaret Sutherland Hewitt, Esquire, 1040 Woodstock Rd., Suite 100, Orlando, FL 32803, Chad Barr, Esquire 986 Douglas Avenue, Suite 100, Altamonte Springs, FL 32714, David Miklas, Esquire, PO Box 12996, Fort Pierce, FL 34979 and Shauna Johnson Clark, Esquire and Heather Sherrod, Esquire, 1301 McKinney, Suite 5100, Houston, TX 77010.

                                                      /s/Allison M. Cuenca, Esquire
                                                      Allison M. Cuenca, Esquire