UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

YOSBEL RODRIGUEZ,

    Plaintiff,

v.                                        Case No:   6:17-cv-483-Orl-31TBS

ALVAREZ & DE LA CRUZ SERVICES,
LLC, MATTRESS FIRM, INC., JORGE
SARDINAS and DIVERSE LOGISTICS
AND DISTRIBUTION, INC.,

    Defendants.

## ORDER

Before the Court is Defendants, Mattress Firm, Inc. and Diverse Logistics and Distribution, Inc.'s Motion for Order Compelling Defendant, Alvarez & De La Cruz, LLC ("Alvarez") to Respond to Defendants' First Request for Production (Doc. 55). Movants served their requests for production on Alvarez in December 2017, and as of the date of the motion, they had not received responses. Movants filed correspondence with opposing counsel (Doc. 56-3) confirming their unsuccessful attempts to obtain the discovery. After this motion was filed, Alvarez and Defendant Jorge Sardinas[1] filed a response to the requests (Doc. 57), which does not address any of the arguments in the motion but appears to be a discovery response to the numbered production requests. The response includes numerous objections, but "without waiving said objections" purports to either attach "every document in Defendant's possession pertaining to the Requests"

---

[1] It does not appear that Mr. Sardinas is the subject of the motion to compel.

(See Doc. 57, responses 1-4, 6, 9, 11,13, 14-20) or represents that no responsive documents exist (responses 5, 7, 8, 10, 12).

Parties may serve requests "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" documents, electronically stored information, or other "tangible things" that are "in the responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1). The recipient of a request for production has 30 days to respond. FED. R. CIV. P. 34(b)(2)(A). A party objecting to a request for production must: (1) "state with specificity the grounds for objecting to the request, including the reasons;" (2) "state whether any responsive materials are being withheld on the basis of that objection;" and (3) "[a]n objection to part of a request must specify the part and permit inspection of the rest." Rule 34(b)(2). The rules leave no place for boilerplate style objections. Siddiq v. Saudi Arabian Airlines Corp., No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (quoting Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007)).

To the extent Alvarez' responses include objections, they are **overruled.** Alvarez waived any objections it might otherwise have had by failing to timely respond. LIMU Company, LLC v. Burling, No. 6:12-cv-347-Orl-TBS, 2013 WL 1482760, at *1 (M.D. Fla. April 11, 2013). That said, the response states that every existing document pertaining to the requests is "attached." The Court presumes these documents were, in fact, tendered to the movants. The Court cannot compel production of documents that do not exist. But, in view of the difficulties movants have had in obtaining the responses the Court **GRANTS** their motion, to the extent it is not moot. Alvarez shall produce all documents in its care, custody or control that are responsive to the requests.

As the prevailing parties, movants are entitled to recover their reasonable attorney's fees and costs unless: (1) the motion to compel was filed before movants attempted in good faith to get the discovery without Court action; (2) Alvarez's position was substantially justified; or (3) other circumstances make an award unjust. FED. R. CIV. P. (a)(5)(A). None of the exceptions apply. Now, the Court finds that Alvarez is liable to Mattress Firm, Inc. and Diverse Logistics and Distribution, Inc. for their reasonable attorney's fees and costs for the prosecution of this motion to compel. The parties have 14 days from the rendition of this Order within to agree on the sum to be awarded. If they are unable to agree, Mattress Firm, Inc. and Diverse Logistics and Distribution, Inc. shall file their motion for fees and costs and Alvarez shall have 14 days to respond.

**DONE** and **ORDERED** in Orlando, Florida on September 5, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record